[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13656
Non-Argument Calendar

_____

BIA No. A78-603-438

PATRICIA BOISZIAU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 5, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Patricia Boisziau, through counsel, seeks review of the Board of

Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order finding her removable; denying her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT); and ordering her removed to Haiti. Essentially, Boisziau claimed that she was gang-raped by people who disapproved of the politics of her boyfriend, Ronald Joseph.

In his oral decision, the IJ found Boisziau to be a credible witness, but concluded that her allegations were unrelated to the five statutory factors. Boisziau filed a notice of appeal with the BIA, and the BIA affirmed the IJ's decision and dismissed the appeal, concluding that Boisziau's "testimony was not believable, consistent and sufficiently detailed" to establish the basis for her fear. Boisziau filed a petition for review with this Court, and the government later filed an unopposed motion to remand this case to the BIA, asserting that the BIA should reconsider its statement that Boisziau's testimony was not credible in light of the IJ's finding that Boisziau was a credible witness. We granted the government's motion to remand the case to the BIA. Later, the BIA dismissed Boisziau's appeal for a second time, and the BIA's decision did not indicate that it found Boisziau's testimony to be incredible.

On appeal, Boisziau argues that she was raped because of Joseph's political activities against the Lavalas party, and the IJ failed to consider her imputed

political opinion claim. Boisziau claims that the IJ and BIA failed to consider her application and testimony as a whole, and both her application and testimony were consistent and sufficiently detailed for a grant of asylum. Boisziau asserts that her testimony was essentially the same as her application, and, in any event, some omissions should be expected and excused considering the circumstances of the case. Boisziau asserts that the IJ curtailed and interrupted some of her answers on direct examination and prevented the government from conducting any cross-examination, so that part of her story was omitted. Boisziau further asserts that these interruptions violated her due process right to a fair hearing. She contends that the case should be remanded to clarify the IJ's and BIA's differing decisions regarding her credibility. She asserts that the aggregate of all the actions taken against her by Lavalas operatives amount to persecution, and that she was not a victim of general conditions of violence in Haiti. Additionally, she argues that the government failed to meet its burden regarding the relocation issue. In response, the government argues that many of Boisziau's claims are unexhausted and that she abandoned other claims asserted below.

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. On remand, the BIA did not explicitly

3

adopt any part of the IJ's opinion.  However, the BIA agreed with and upheld the IJ's denial of asylum and withholding of removal relief based on a finding of a lack of nexus and briefly articulated its reasons for doing so.  The BIA upheld the IJ's conclusion regarding CAT relief because it was supported by the record.  Thus, we will review both decisions.

The BIA's and IJ's  factual determinations are reviewed under the substantial evidence test, and we should "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and citations omitted).  The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Id.  "To reverse the IJ's fact findings, [this Court] must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal.  Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).  Absent an adverse credibility finding, we accept a petitioner's testimony as credible.  Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1255 n.2 (11th Cir. 2007).

We "lack jurisdiction to consider claims raised in a petition for review unless the petitioner has exhausted administrative remedies with respect thereto." Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that we lacked jurisdiction to consider a claim where it was not raised before the BIA, despite the BIA having addressed the claim sua sponte). Additionally, we have held that, when an appellant does not argue an issue in her brief, the issue is abandoned. Sepulveda, 401 F.3d at 1228 n.2. Further, a passing reference to an issue is insufficient to raise a claim for appeal, and we consider the issue abandoned. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

An alien who arrives in, or is present in, the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security and the Attorney General both have the discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A "refugee" is defined as:

> any person who is outside any country of such person's nationality . . . , and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the

5

burden of proving statutory refugee status. Al Najjar, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she would be "singled out" for persecution. Id. However, an applicant need not prove that she would be singled out if: (1) there is a "pattern or practice of persecution" against similarly situated individuals; and (2) his inclusion within that group of individuals makes a fear of persecution reasonable. 8 C.F.R. § 208.13(b)(2)(iii).

The "well-founded fear" requirement has two components, meaning that "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. We have held that an imputed political opinion is a valid ground upon which a well-founded fear of persecution may be based. Id. "An asylum applicant may prevail on a theory of 'imputed political opinion' if he shows that the '[p]ersecutor falsely attribute[d] an opinion to [her], and then persecute[d] [her] because of that mistaken belief about [her] views.'" Id. (citations and quotations omitted).

Regardless of whether the petitioner's political opinion was actual or

6

imputed, the petitioner must show a nexus between that political opinion and the alleged persecution.  Sanchez v. U.S. Att.'y Gen., 392 F.3d 434, 438 (11th Cir. 2004) (withholding of removal context).  "If the alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon his return to his country unless the [DHS] shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal; or (2) that the alien could avoid a future threat to his life or freedom by relocating to another part of the country of removal, and it would be reasonable to expect [her] to do so."  Mendoza, 327 F.3d at 1287. Furthermore, while the INA does not define persecution, we recognize that "'persecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'"  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (citation omitted).

Along with seeking asylum, the alien may seek withholding of removal.  See INA § 241, 8 U.S.C. § 1231(b)(3).  An alien is entitled to withholding of removal under the INA if he can show that his "life or freedom would be threatened [on account of] . . . political opinion, [or] membership in a particular social group . . . ."  INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A).  The applicant has the burden of

7

showing that it is "more likely than not" he will be persecuted or tortured upon return to his country. See Sepulveda, 401 F.3d at 1232. "Where an applicant is unable to meet the 'well-founded fear' standard for asylum, he is generally precluded from qualifying for either asylum or withholding of deportation." Al Najjar, 257 F.3d at 1292-93. The statutes governing asylum and withholding of removal protect not only against persecution by government forces, but also against persecution by non-governmental groups that the government cannot control. Sanchez, 392 F.3d at 437.

Eligibility for relief under the CAT is established where an applicant shows that "it is more likely than not that she will be tortured in her home country at the hands of her government or that her government will acquiesce in the torture." Sanchez, 392 F.3d at 438; see also 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1).

As preliminary matters, while Boisziau argues that the IJ erred by not considering her testimony and application as a whole and requests that we remand the case to resolve the IJ's and BIA's differing opinions as to credibility, the IJ explicitly found Boisziau to be a credible witness and the BIA on remand did not conclude otherwise. Accordingly, because neither the IJ nor the BIA ever made an explicit adverse credibility finding, we accept Boisziau's testimony as credible. Also, to the extent that Boisziau argues that the IJ's interruption of her direct examination violated her due process rights, we lack jurisdiction to review this

8

unexhausted claim.  We also lack jurisdiction to review Boisziau's unexhausted

claim that the BIA erred by finding that she failed to establish that the threat of

harm was countrywide, and, in any event, the BIA did not make such a finding in

its second decision, the only decision that is relevant to the instant appeal.  Further,

Boisziau has abandoned any claim that the IJ failed to address the issue of

voluntary departure or issue an order regarding voluntary departure.

Next, Boisziau has abandoned any challenge to the IJ's lack of nexus finding

by presenting little argument or authority on this issue.  Although Boisziau briefly

states in her appellate brief that she was raped because of Joseph's political

activities against the Lavalas party, she fails to present any further argument on this

issue or cite to circuit authority in support of this position.

Nevertheless, even assuming that Boisziau has not abandoned this issue,

substantial evidence supports the IJ's and BIA's lack of nexus finding.  Even

setting aside the question of whether Boisziau met the persecution standard, during

her testimony Boisziau failed to provide specifics regarding Joseph's political

involvement.  Further, even if Joseph was involved in a political party, Boisziau

presented no evidence that indicates that the home invasion and her rape were in

any way motivated by that party affiliation or involvement.  Given this lack of

evidence, it cannot be said that the evidence compels us to find that Boisziau was

targeted on the basis of her political opinion, actual or implied.  Accordingly, we

9

deny the petitioner's petition for review.

**DENIED.**